PURNELL J. DENNIS *vs.* E. VIRGIL HEARN et al.

*Disputed Boundary Line—Evidence—Harmless Error.*

On an issue as to the location of a boundary line, *held* that,
a witness having testified to the line as he knew it, and pointed
it out to the jury, without objection or motion to strike the
testimony from the record, his mere repetition of such testi-
mony after stating that his information came from his deceased
father was not ground for reversal, even if the father's decla-
rations were inadmissible by reason of interest.      pp. 393, 394

A witness having testified without objection that he had
pointed out the boundary line as he knew it to defendant's pre-
decessor in title, when the latter was about to purchase his
land, *held* that his repetition of that testimony was not ground
for reversal, though objected to because founded on declarations
by witness' father, which were incompetent by reason of the
declarant's interest.                                      p. 394

On an issue as to the location of a boundary line, the admis-
sion of testimony by one of the plaintiffs, who claimed as their
father's heirs, as to the duration of the father's possession of
his land, *held* not cause for reversal, even if irrelevant.

pp. 394, 395

Testimony by one of the plaintiffs, claiming as heirs of their
father, that a part of a certain field had been cultivated as far
back as he remembered as part of his father's land, *held* admis-

sible, it appearing that such field ran up to one portion of the boundary contended for by plaintiffs and disputed by defendant.

p. 395

A witness, even without expert knowledge, is competent to. testify as to whether marks on a tree are new or old.      p. 395

On an issue as to the location of a boundary line, the surveyor who executed the warrant of resurvey was properly allowed to testify as to a counter location of defendant's pretension according to a line marked by a wire fence pointed out to him by a neighboring owner, the courses and distances appearing to have been taken into account so far as they could be consistently with the fence line.                     pp. 395, 396

The surveyor was also properly allowed to testify as to a counter location of the defendant's pretension according to a line pointed out to him by a neighboring owner· as having been indicated by defendant's predecessor in title, which brought up to an iron marker found in the ground in the line contended for by plaintiffs.                                   p. 396

In an action of trespass, involving the location of a boundary line, *held* that the court properly refused to direct a verdict for defendant for lack of legally sufficient evidence to prove the line contended for by plaintiffs.                  p. 396

*Decided May 14th, 1925.*

Appeal from the Circuit Court for Wicomico County (PATTISON, C. J. and BAILEY, J.).

Action by E. Virgil Hearn and others against Purnell J. Dennis. From a judgment for plaintiffs, defendant appeals. Affirmed.

The cause was submitted on briefs to BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Miles, Bailey & Miles,* for the appellant.

*Ellegood, Freeny & Wailes,* and *Stanley G. Robins,* for the appellees.

Bond, C. J., delivered the opinion of the Court.

This appeal is from a judgment in an action of trespass by owners of one of two adjoining tracts of land against the owner of the other tract, arising out of a dispute over the true location of the dividing line. The plaintiffs, now appellees, are heirs at law of their father, Elijah S. Hearn, who owned and lived on one of the tracts for about forty years, until near the time of his death, and the defendant, now appellant, is present owner of the adjoining tract, which had been owned by Melissa C. Hearn, wife of Elijah S. Hearn, and mother of the appellees, from 1887 until she and her husband conveyed it, in 1917, to a predecessor of the appellant in title. This latter tract had been devised to the mother by her father, Samuel Q. White.

There are ten exceptions presented, but we find no ground for reversal in any of the rulings excepted to. The first and second exceptions arise from the admission of testimony by one of the plaintiffs, H. Lloyd Hearn, forty-seven years old, of declarations made by his father, since deceased. First, he testified that he had known the line between the two properties for over thirty years, and at the direction of counsel he showed the line as he knew it to the jury. There was no objection made to this testimony. Then questioned further, he added that he knew that line from working around it all his days, and from his father. "I got what I know about the line," he said, "from what my father has shown me from a boy up." This was merely introductory, and unobjectionable. He was then asked to show the line which his father showed him as the dividing line, and which he had pointed out to the surveyor who made a resurvey. And to the allowance of that question, and the answer to it, the defendant excepted, contending that the father was at the time so interested in the location of the line that his declarations could not be received. Whether designations of a boundary line between land owned by a husband and land owned by his wife, made by the husband, since deceased, to members of his family, is rendered inadmissible by such interest as he had in that line, is, perhaps, questionable.

*Cadwalader v. Price,* 111 Md. 310, 316; *Peters v. Tilgh-man,* 111 Md. 227, 235; *Howell v. Tilden,* 1 H. & McH. 368; *Jarrett v. West,* 1 H. & J. 501; *Hall v. Gittings,* 2 H. & J. 380, 393; *Casey v. Inloes,* 1 Gill, 430, 492; 19 Ann. Cas. 551; 134 Am. St. Rep. 620, 621. But we need not decide the question in disposing of this appeal. Even if this evidence, taken by itself, should appear open to the objection made, still, the witness having already testified to the line as he knew it, and pointed it out to the jury, all without objection or motion to strike it from the record, the mere repetition of the testimony after the statement that the witness' information came from his father, would not, in our opinion be sufficient to justify a reversal. The likelihood of prejudice by such repetition to the trial of the appellant's case on the evidence properly before the jury, is too slight. We, therefore, hold that there was no reversible error in the rulings brought up by the first and second exceptions.

The ruling brought up by the third exception is closely similar. The witness had testified that when Mr. Cyrus Ennis, appellant's predecessor in the title, was about to buy the mother's land from her, he, the witness, at Mr. Ennis' request, went around the land, and showed him where the boundaries and dividing lines were, and showed him, as he said, "all the marked trees around the farm and showed him the lines as I had learned all my days." Shortly afterwards he was asked, "Did you show him anything, trees, posts or anything on what you claim to be the dividing line between your father's land and your mother's land?" This was objected to because founded, as the witness' previous testimony had shown, upon his father's designation of the boundary in dispute; but the court admitted the question and answer. This, too, seems to this Court a mere repetition of testimony already received without objection, and to be without sufficient prejudice to justify a retrial, even if improperly permitted.

The fourth exception is grounded upon an objection to a question to the same witness as to the duration of his

father's possession of his land. The witness answered, "I don't know the exact year, but longer than I can remember." To the admission of this evidence it is objected that, if it is offered to prove title to the disputed area by adverse possession, it is irrelevant because it relates to the whole tract instead of to the strip in dispute. There is no suggestion made in the case that this evidence was offered to prove title by adverse possession, and even if irrelevant to the issues raised, this would seem to be one of those bits of evidence, given in almost every trial, which help little, perhaps, but hurt not at all, and which by no means require another trial for correction.

The ruling brought up by the fifth exception is one admitting testimony of the same witness that a part of what is called an "old field' had been cultivated as far back as the witness remembered as part of his father's land. It is objected that the old field was not included in the disputed area, and that the testimony, therefore, threw no light on the issues. But according to the plat the "old field" does run up to one portion of the boundary contended for by the appellees, and disputed by the appellant, and the evidence therefore tended to establish the appellees' pretensions. We think there was no error in its admission.

The sixth and seventh exceptions are to the admission of testimony of a witness that certain marks on trees about the place in dispute were old marks. The objection is that the witness had not been proved qualified to testify as to the age of marks on trees. The witness did not estimate the age; he merely said the marks were old. And, besides, he had been engaged in the business of cutting timber for many years, and might be considered to have expert knowledge on the subject if any were needed. But we think no expert knowledge is necessary to enable a witness to say whether marks on trees are new or old. The objection seems to us without foundation.

The eighth exception is concerned with the admission of testimony of the surveyor who executed the warrant of resurvey, relative to a counter location of the defendant's pre-

tension according to a line marked by a wire fence pointed out to him by the owner of land adjoining the defendant's land on the west. It is objected that in the counter location this line, together with other lines of the defendant's tract, was run without paying attention to the courses and distances given for the tract in the title papers. The courses and distances would appear to have been taken into account so far as they could be consistently with the fence line, and we do not see any impropriety in this location. The objection would, moreover, be one to the value or weight of the testimony rather than to its competency.

The ninth exception brings up a similar ruling. The owner of land adjoining on the east pointed out to the surveyor a line which he said (and so testified in the case), had been pointed out to him by the defendant's predecessor in title, the father of Melissa Hearn, as the correct one, and which brought up to an iron marker found in the ground beside an old road and in the line contended for by the plaintiffs. A counter location according to this claim also varied considerably other points contended for by the defendant. The court below admitted the location, and later refused to strike it out. The objection is that the location is irrevelant because it does not relate to any line involved in dispute. But we do not see that this is true in point of fact; the line in dispute is indirectly affected. We find no error in the ruling on this evidence.

The tenth exception is concerned with the instructions to the jury. The appellant, in his brief, argues only the refusal of his first, second, and third prayers, all asking that a verdict be directed for the defendant because of a lack of legally sufficient evidence to prove the line contended for by the plaintiffs. We take it that no objection is pressed to the prayers granted for the plaintiffs, and we see no error in them. All but the first three prayers of the defendant were granted. In our opinion, there was evidence sufficient for the jury to sustain the plaintiffs' pretension. The evidence of H. Lloyd Hearn, which was received without objection, would alone be sufficient to require consideration by

the jury; and in addition, there is evidence of Virgil Hearn, another of the plaintiffs, to the same effect, received without objection. Furthermore, other witnesses testified to boundaries and marks claimed by the plaintiffs and others which differed from those contended for by the defendant, and tended to confirm the pretensions of the plaintiffs. We think the court was required to reject the defendant's first three prayers.

And as we have found no reversible error in the rulings, the judgment below must be affirmed.

*Judgment affirmed, with costs to the appellees.*